Todd A. Lorenz, Esq.  SBN 175,950
Sri Sankaran, Esq.  SBN 236,584
DORSEY & WHITNEY LLP
1717 Embarcadero Road
P.O. Box 51050
Palo Alto, California  94303
Telephone:  (650) 857-1717
Facsimile:  (650) 857-1288
E-mail:  eFilingPA@dorsey.com

Attorneys for Plaintiff
EPPENDORF NORTH AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EPPENDORF NORTH AMERICA, INC., a Delaware Corporation, | **CASE NO. C 07 4587 PVT** |
| Plaintiff, | **AMENDED COMPLAINT FOR DECLARATORY JUDGMENT** |
| v. | |
| BIO-RAD LABORATORIES, INC., an Delaware Corporation, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff, Eppendorf North America, Inc. ("ENA"), for its Complaint against Defendant Bio-Rad Laboratories, Inc., ("Bio-Rad") hereby alleges as follows:

1. This is an action for declaratory judgment brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

2. Plaintiff ENA is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Westbury, New York.

3. Defendant Bio-Rad, is upon information and belief, a corporation organized under the laws of the State of Delaware, with a principal place of business at 1000 Alfred Nobel Drive, Hercules, California.

4. Bio-Rad is, on information and belief, the owner of U.S. Patent No. 6,340,589 ("the '589 Patent") (copy attached as Exhibit A)

-1-

5.     There is a justiciable controversy between ENA and Bio-Rad relating to the infringement, validity and enforceability of the '589 Patent.

6.     Plaintiff has undertaken conduct in the United States which Bio-Rad has alleged to infringe the '589 Patent.

7.     ENA and Bio-Rad were in discussions in an effort to resolve their differences when Bio-Rad filed a suit against ENA in the United States District Court for the Eastern District of Texas, accusing ENA of infringing the '589 Patent.

8.     Plaintiff is filing this action because the Eastern District of Texas is not a proper venue for Bio-Rad's patent infringement case. ENA will move to dismiss the Texas action or have that action transferred to this Court.

9.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

10.    This Court may declare the rights and other legal relations of the parties in this case under 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57 because an actual and justiciable controversy exists concerning the rights of, and legal relations between, Plaintiff and Defendant with respect to the '589 Patent.

11.    On information and belief, this Court has personal jurisdiction over Bio-Rad because, among other things, Bio-Rad has its principal place of business in this District and transacts business in this District.

12.    Venue is proper in this District because Bio-Rad is deemed to reside in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

13.    Plaintiff has not infringed any claim of the '589 Patent, and all claims of the '589 Patent are invalid.

14.    There is an actual and substantial justiciable controversy between ENA and Bio-Rad over the infringement and validity of the '589 Patent.

**COUNT I**
**DECLARATORY JUDGMENT**
**(NONINFRINGEMENT)**

15.    Plaintiff incorporates by reference paragraphs 1-14 as if set forth fully herein.

-2-

16. Plaintiff has not infringed, induced the infringement of, or contributed to the infringement of any valid claim of the '589 Patent.

17. Plaintiff is entitled to a judgment declaring that Plaintiff has not infringed any valid claim of the '589 Patent.

## COUNT II
## DECLARATORY JUDGMENT
## (INVALIDITY)

18. Plaintiff incorporates by reference paragraphs 1-17 as if set forth fully herein.

19. The claims of the '589 Patent are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103 and/or 112.

20. Plaintiff is entitled to a judgment declaring that one or more claims of the '589 Patent are invalid.

## COUNT III
## DECLARATORY JUDGMENT
## (UNENFORCEABILITY )

21. Plaintiff incorporates by reference paragraphs 1-20 as if set forth fully herein.

22. On information and belief, those involved in prosecution of the '589 Patent were aware of material prior art, which they failed to disclose to the United States Patent Office.

23. On information and belief, those involved in the prosecution of the '589 Patent failed to disclose material prior art to the Patent Office with deceptive intent.

24. The '589 Patent is unenforceable due to inequitable conduct for reasons including but not limited to said failure to disclose material prior art..

25. Plaintiff is entitled to a judgment declaring that Plaintiff has not infringed any valid claim of the '589 Patent, that one or more claims of the '589 Patent are invalid, and that the '589 Patent is unenforceable due to inequitable conduct.

WHEREFORE, Plaintiff prays for judgment:

1. Declaring that Plaintiff has not infringed any valid claim of the '589 Patent;

2. Declaring that the claims of the '589 Patent are invalid;

3. Declaring that the '589 Patent is unenforceable;

4. Awarding Plaintiff its costs, expenses and reasonable attorneys' fees; and

5. Granting Plaintiff such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

Dated: September 7, 2007

                                DORSEY & WHITNEY LLP

                                By  /S/
                                    TODD A. LORENZ
                                    Attorneys for Plaintiff
                                    EPPENDORF NORTH AMERICA, INC.,
                                    a Delaware Corporation

-4-

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**
**Case No. C 07 4587 PVT**

**CERTIFICATE OF INTERESTED PARTIES**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of the proceeding:

Eppendorf AG (parent corporation)

Dated: September 7, 2007

DORSEY & WHITNEY LLP

By     /S/
TODD A. LORENZ
Attorneys for Plaintiff
EPPENDORF NORTH AMERICA, INC.,
a Delaware Corporation